# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0009 |
| ) | |
| **GERALDO ALVERIO MORALES, JESUS** ) | |
| **JAVIER LEBRON PINTO, ALCIBIADES FLIS** ) | |
| **BATISTA, and JOSHUA LABOY LOZADA,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the trial in this matter, currently scheduled for March 7, 2021. For the reasons stated herein, the time to try this case is extended up to and including September 12, 2022.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending the period in this matter would be in the best interest of justice. In response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on January 31, 2022, suspending all jury trials through February 28, 2022.[1] The Court hereby fully incorporates the findings from the Court's Thirty-Third Operations Order as fully stated herein.

To date, the COVID-19 virus has claimed more than 918,000 lives in the United States (105 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. Further, as a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Order%20-%20Thirty-Third%20Operational%20Order%20Concerning%20COVID-19%20Outbreak.pdf

spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom. As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.[2]

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 12, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 5, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 7, 2022;[3] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:00 a.m. on September 12, 2022, in St. Thomas Courtroom 1.

**Dated:** February 14, 2022                     */s/Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**

---

[2] Defendant Laboy filed a motion to dismiss criminal information on May 4, 2021, (ECF No. 56), which was joined by Defendants Batista, Pinto, and Morales, (ECF Nos. 58, 59, 61); Defendant Batista also filed a motion to dismiss information on May 17, 2021. (ECF No. 76.) The Speedy Trial Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1).

[3] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.